### UNITED STATES DISTRICT COURT
### FOR THE
### DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of an Application to Enforce an Administrative Subpoena of the | )<br>)<br>) Case Number: |
| U.S. Commodity Futures Trading Commission<br>1155 21st Street, NW<br>Three Lafayette Centre<br>Washington, DC 20581, | )<br>)<br>)<br>)<br>) |
| Applicant, | )<br>) |
| v. | )<br>) |
| Paul L. Proscia, Peter M. Blanco,<br>and S.J. Woods, Inc., | )<br>)<br>) |
| Respondents. | )<br>)<br>) |

### DECLARATION OF KARA L. MUCHA IN SUPPORT OF APPLICATION
### FOR AN ORDER TO SHOW CAUSE AND AN ORDER
### REQUIRING COMPLIANCE WITH ADMINISTRATIVE SUBPOENAS

I, Kara L. Mucha, declare as follows:

1.      I am over twenty-one years of age and competent to make this declaration which is based upon my personal knowledge.

2.      I am employed by the U.S. Commodity Futures Trading Commission ("Commission") as a Futures Trading Investigator in the Division of Enforcement ("Division").

3.      In my capacity as a Futures Trading Investigator, I participated in a telephone call between Division counsel and counsel to Respondents Paul L. Proscia ("Proscia"), Peter M. Blanco ("Blanco") and S.J. Woods, Inc. ("SJW") (together "Respondents"), on April 3, 2013. During that call, Respondents counsel acknowledged receipt of letters sent by Division counsel on March 8, 2013, and March 27, 2013. During the call, Respondents' counsel could not provide information regarding the deficiencies in the productions described in the Division's

January 25, 2013 letter, and could not provide information regarding whether or not Respondents would make any additional productions in response to the subpoenas.  During the call, Division counsel requested a detailed update regarding the status of the productions by the following week.

4.      Attached as Exhibit 1 is a true and correct copy of a subpoena issued by the Commission to SJW on December 3, 2012.

5.      Attached as Exhibit 2 is a true and correct copy of a subpoena issued by the Commission to Proscia on December 3, 2012.

6.      Attached as Exhibit 3 is a true and correct copy of a subpoena issued by the Commission to Blanco on December 3, 2012.

7.      Attached as Exhibit 4 is a true and correct copy of the United Parcel Service Shipping Document for the Commission subpoena issued to SJW on December 3, 2012.

8.      Attached as Exhibit 5 is a true and correct copy of the United Parcel Service Proof of Delivery for the Commission subpoena issued to SJW on December 3, 2012.

9.      Attached as Exhibit 6 is a true and correct copy of the United States Postal Service Return Receipt confirming delivery of the Commission subpoena issued to Proscia on December 3, 2012.

10.      Attached as Exhibit 7 is a true and correct copy of the United States Postal Service Return Receipt confirming delivery of the Commission subpoena issued to Blanco on December 3, 2012.

11.      Attached as Exhibit 8 is a true and correct copy of a January 11, 2013 email from Audra Vernon, a paralegal at Respondents' counsel's office, to Division counsel confirming the extension of the return date of the Commission's subpoenas until January 22, 2013.

12.     Attached as Exhibit 9 is a true and correct copy of a January 23, 2013 email from Audra Vernon, a paralegal at Respondents' counsel's office, to Division counsel confirming that Respondents' counsel mistakenly delivered the responses to the Commission's subpoena to the Commission's Chicago, IL office.

13.     Attached as Exhibit 10 is a true and correct copy of the cover letter accompanying SJW's first production in response to the Commission's subpoena.

14.     Attached as Exhibit 11 is a true and correct copy of the cover letter accompanying Proscia's first production in response to the Commission's subpoena.

15.     Attached as Exhibit 12 is a true and correct copy of the cover letter accompanying Blanco's first production in response to the Commission's subpoena.

16.     Attached as Exhibit 13 is a true and correct copy of a January 25, 2013 letter from Division counsel to Respondents' counsel regarding Respondents' partial productions in response to the Commission's subpoenas.

17.     Attached as Exhibit 14 is a true and correct copy of a February 12, 2013 email from Division counsel to Respondents' counsel confirming the extension of the return date of the Commission's subpoenas until February 28, 2013.

18.     Attached as Exhibit 15 is a true and correct copy of the March 8, 2013 letter from Division counsel to Respondent's counsel regarding Respondents' failure to complete their production in response to the Commission's subpoenas.

19.     Attached as Exhibit 16 is a true and correct copy of the March 27, 2013 email from Division counsel to Respondent's counsel resending the March 8, 2013 letter from Division counsel to Respondent's counsel regarding Respondents' failure to complete their production in response to the Commission's subpoenas.

3

20.     Attached as Exhibit 17 is a true and correct copy of the April 3, 2013 email from Division counsel to Respondents' counsel.

21.     Attached as Exhibit 18 is a true and correct copy of the cover letter accompanying Blanco's second production in response to the Commission's subpoena.

22.     Attached as Exhibit 19 is a true and correct copy of the cover letter accompanying Proscia's second production in response to the Commission's subpoena.

23.     Attached as Exhibit 20 is a true and correct copy of the cover letter accompanying SJW's third production in response to the Commission's subpoena

I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 17, 2013, in Washington, DC, by:

Kara L. Mucha



**U.S. COMMODITY FUTURES TRADING COMMISSION**
525 West Monroe Street
Suite 1100
Chicago, Illinois 60661
Telephone: (312) 596-0700
Facsimile: (312) 596-0714

Division of
Enforcement

# SUBPOENA
**Duces Tecum**

TO:   S.J. Woods, Inc.
C/O United States Corporation Agents, Inc.
7014 13th Ave., Suite 202
Brooklyn, NY 11228

**YOU ARE HEREBY COMMANDED** YOU ARE HEREBY COMMANDED to produce to
the Commodity Futures Trading Commission ("Commission") all books, papers, documents, and
other tangible things specified in the attached **Schedule A** at or before noon on the **14th of
January, 2013**. Those materials are to be provided to Boaz Green, Trial Attorney, Division of
Enforcement, 1155 21st St. NW, Washington, DC 20581, in the matter of:

### Certain Persons Engaged In Unlawful Retail Commodity Transactions

FAILURE TO COMPLY WITH THIS
SUBPOENA MAY RESULT IN THE
COMMENCEMENT OF A LEGAL
ACTION IN THE UNITED STATES
DISTRICT COURT TO COMPEL
COMPLIANCE WITH THE
REQUIREMENTS HEREOF.

Issued this 3rd day of December,
2012 at Washington, DC by:

Boaz Green
Trial Attorney
202-418-6623

## RETURN ON SERVICE

In the case of a natural person:

[ ] handing it to the person named herein.

_____

[ ] leaving it at the person's office with the person in charge,
namely:_____

[ ] leaving it at the person's office in a conspicuous place,
to wit:_____

[ ] leaving it at the person's usual place of abode, namely:

[ ] mailing by certified or registered mail to the following address:

[ ] another method by which actual notice is given, to wit:

In the case of service upon other than a natural person:

[ ] handing it to a registered agent for service or other officer,
director or agent in charge of such office, namely
(name & title):_____

[] via CERTIFIED MAIL RETURN RECEIPT REQUEST to such agent or
representative, namely (name, title & address):

[X] another method by which actual notice is given, to wit:
United Parcel Service to:
S.J. Woods, Inc.
C/O United States Corporation Agents, Inc.
7014 13th Ave., Suite 202
Brooklyn, NY 11228

_I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct and that I served this
subpoena in accordance with the method noted above._

12/3/12
**Date**

**Boaz Green**
**Trial Attorney**

2

## SCHEDULE A
### Definitions and Instructions

1.      "You" and "Your" means S.J. Woods, Inc., its parent, subsidiaries, affiliates, predecessors, principals, agents, employees, attorneys, and all other persons acting in concert or participation with it.

2.      "Precious Metals" means gold, silver, platinum and palladium in any form, including, but not limited to, coins, bars, and bullion.

3.      "Concerning" means referring to, describing, evidencing or constituting.

4.      "Document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). Accordingly, a document, for purposes of this subpoena, is any writing, drawing, graph, chart, photograph, phonographic record, audiotape, videotape, computer disk, or any other data compilation from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form. "Document" mean all writings or printed matter of any kind, including the originals and all copies, identical or non-identical, whether different from the originals by reason of any notation made on such copies or otherwise, including, without limitation: records, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office or intra-office communications, telephone message slips, offers, notations of conversations, bulletins, drawings, plans, computer printouts, computer input or output, teletypes, telefaxes, invoices, worksheets, ledger books, books of account, emails, instant messaging transcripts, and all drafts, alterations, modifications, changes and amendments of any of the foregoing. "Document" also includes all graphic or aural records or representations of any kind, including without limitation, photographs, charts, graphs, microfilm, videotape, recordings, motion pictures, and electronic, mechanical, or electrical records, or recordations of any kind, including, without limitation, tapes, cassettes, discs, and recordings. "Document" also refers to each and every document in Your actual or constructive possession, including but not limited to: (i) all documents within Your custody or control or any present or former officer, director, employee, partner, corporate parent, subsidiary, or affiliate thereof; and (ii) all documents that You have a legal or equitable right to obtain from another person. A draft or non-identical copy is a separate document within the meaning of this term.

5.      "And" and "Or" are used interchangeably herein, operating both as conjunctive and disjunctive conjunctions. The singular and plural forms of nouns and pronouns are likewise used interchangeably herein.

6.      Duty to Supplement. The obligations created by the subpoena are ongoing, and your production should be supplemented if you locate additional responsive documents in your possession.

7.     Materials responsive to this subpoena shall be produced to the Commission as they are kept in the usual course of business or shall be labeled to correspond with the categories of this subpoena.

8.     Scope. Unless otherwise specified, the scope of this subpoena includes all documents concerning the period from October 1, 2010 to the present.

9.     Non-Production. If any documents responsive to any of the paragraphs of this Attachment will not be produced for any reason, please set forth the following information concerning each document:

   (a) the type of document;

   (b) the date of the document;

   (c) the person who prepared or wrote the document;

   (d) a description of the document's subject matter and physical size;

   (e) all addresses of recipient(s) of the original or copy thereof, together with the date or approximate date that said recipient received said document;

   (f) all other persons to whom the contents of the document have been disclosed, the date of such disclosure, and the means of such disclosure; and

   (g) the nature of the privilege or the rule of law relied upon, or other reason for non-production.

4

### Documents to be Produced

1. All documents related to your formation and organization, including but not limited to your articles of incorporation (organization) and any amendments thereto, annual reports, minutes of board meetings, organizational charts, personnel charts, and other documents reflecting your structure, organization and control.

2. All documents concerning your solicitation of new customers to purchase precious metals, including, but not limited to, documents reflecting information regarding leads, sources of leads, qualifications of customers, telephone sales scripts, and notes of conversations with prospective customers.

3. All of your promotional materials, including but not limited to, all brochures, reports, letters, memoranda, emails, websites, advertisements or other literature, and including all drafts of such promotional materials.

4. All documents concerning any websites you have operated, including, but not limited to, www.sjwoods.com.

5. Documents identifying all of your customers, including names, addresses, telephone numbers and email addresses.

6. All documents concerning your communications with your customers or prospective customers, including, but not limited to, emails, letters, account documents, notes of telephone conversations, and any materials received from your customers or prospective customers.

7. All documents concerning commissions and fees paid by your customers, including but not limited to all customer statements reflecting commissions and fees.

8. All Form 1099s you have sent to customers.

9. All documents concerning any financing obtained on behalf of your customers for the purchase of precious metals, including but not limited to, all communications with any entity that has provided such financing and all documents concerning interest charged on loans to your customers.

10. All documents that refer or relate to ownership, possession, title, and physical location of precious metals you have purchased or sold on behalf of a customer during the period July 16, 2011 to the present.

11. All documents that refer or relate to the nature of the relationship between the buyer, seller and/or possessor of any precious metals you have purchased or sold on behalf of a customer during the period July 16, 2011 to the present.

12.     All documents that refer or relate to the manner in which the purchase or sale of precious metals is recorded and completed during the period July 16, 2011 to the present.

13.     All documents concerning the storage of precious metals purchased for or on behalf of your customers, including but not limited to all accounts, contracts or other agreements you have with any precious metals depository, all documents concerning the amount of precious metals being stored with any precious metals depository, and all documents concerning storage fees charged to you or your customers by any precious metals depository.

14.     All documents concerning any precious metals clearinghouse or supplier with whom you have done business, including but not limited to, all contracts or other agreements that you have with any precious metals clearinghouse or supplier, all communications between you and any precious metals clearinghouse or supplier, and all documents reflecting the payments of money to or from any precious metals clearinghouse or supplier.

15.     All documents you have received from any precious metals clearinghouse or supplier, including but not limited to all manuals, guidebooks, telephone sales scripts, and all equity runs, account statements, or other communications relating to the status or value of a customer's precious metals account.

16.     All documents concerning any salaries, commissions, bonuses, or other payments you have made to any principal, employee or contractor.

17.     All documents concerning any complaints you have received from customers or prospective customers, including but not limited to, all settlement agreements and all pleadings from all lawsuits filed against you.

18.     Documents identifying all bank accounts that you own or control, including the name of the bank(s), account numbers, name(s) of account holders and name(s) of authorized signatories.

19.     Statements for all bank accounts that you own or control.

20.     All audio recordings of conversations with customers or prospective customers.

21.     Billing statements for all telephone lines and mobile phones you have used to conduct business.

22.     All company policies, including company policies regarding sales solicitations, supervision of salespersons, order entry procedures, hiring and firing, and any other company policies that address interactions with customers, or employee obligations and responsibilities.



**U.S. COMMODITY FUTURES TRADING COMMISSION**
525 West Monroe Street
Suite 1100
Chicago, Illinois 60661
Telephone: (312) 596-0700
Facsimile: (312) 596-0714

Division of
Enforcement

# SUBPOENA
### Duces Tecum

TO:   Paul Proscia
      120 Lowell Rd.
      Sayville, NY 11782

**YOU ARE HEREBY COMMANDED** to produce to the Commodity Futures Trading
Commission ("Commission") all books, papers, documents, and other tangible things specified
in the attached **Schedule A** at or before noon on the **14th of January, 2013**. Those materials are
to be provided to Boaz Green, Trial Attorney, Division of Enforcement, 1155 21st St. NW,
Washington, DC 20581, in the matter of:

### Certain Persons Engaged In Unlawful Retail Commodity Transactions

FAILURE TO COMPLY WITH THIS
SUBPOENA MAY RESULT IN THE
COMMENCEMENT OF A LEGAL
ACTION IN THE UNITED STATES
DISTRICT COURT TO COMPEL
COMPLIANCE WITH THE
REQUIREMENTS HEREOF.

Issued this 3rd day of December,
2012 at Washington, DC by:

Boaz Green
Trial Attorney
Tel: 202-418-6623

NOTICE TO WITNESS:
Fees and mileage need not be tendered to the witness upon service of a subpoena issued in behalf of an officer or
employee of the Commission.  28 U.S.C. § 1825.

## RETURN ON SERVICE

In the case of a natural person:

[ ] handing it to the person named herein.

_____

[ ] leaving it at the person's office with the person in charge,
namely:_____

[ ] leaving it at the person's office in a conspicuous place,
to wit:_____

[ ] leaving it at the person's usual place of abode, namely:

[X] mailing by certified or registered mail to the following address:

Paul Proscia
120 Lowell Rd.
Sayville, NY 11782

[ ] another method by which actual notice is given, to wit:

In the case of service upon other than a natural person:

[ ] handing it to a registered agent for service or other officer,
director or agent in charge of such office, namely
(name & title):_____

[ ] via CERTIFIED MAIL RETURN RECEIPT REQUEST to such agent or
representative, namely (name, title & address):

[ ] another method by which actual notice is given, to wit:

_____
_____

*I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct and that I served this
subpoena in accordance with the method noted above.*

12/3/12
_____
Date

_____
Boaz Green
Trial Attorney

2

## SCHEDULE A

### Definitions and Instructions

1.  "You" and "Your" means Paul Proscia.

2.  S.J. Woods" means S.J. Woods, Inc..

3.  "Concerning" means referring to, describing, evidencing or constituting.

4.  "Document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). Accordingly, a document, for purposes of this subpoena, is any writing, drawing, graph, chart, photograph, phonographic record, audiotape, videotape, computer disk, or any other data compilation from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form. "Document" mean all writings or printed matter of any kind, including the originals and all copies, identical or non-identical, whether different from the originals by reason of any notation made on such copies or otherwise, including, without limitation: records, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office or intra-office communications, telephone message slips, offers, notations of conversations, bulletins, drawings, plans, computer printouts, computer input or output, teletypes, telefaxes, invoices, worksheets, ledger books, books of account, emails, instant messaging transcripts, and all drafts, alterations, modifications, changes and amendments of any of the foregoing. "Document" also includes all graphic or aural records or representations of any kind, including without limitation, photographs, charts, graphs, microfilm, videotape, recordings, motion pictures, and electronic, mechanical, or electrical records, or recordations of any kind, including, without limitation, tapes, cassettes, discs, and recordings. "Document" also refers to each and every document in Your actual or constructive possession, including but not limited to: (i) all documents within Your custody or control or any present or former officer, director, employee, partner, corporate parent, subsidiary, or affiliate thereof; and (ii) all documents that You have a legal or equitable right to obtain from another person. A draft or non-identical copy is a separate document within the meaning of this term.

5.  "And" and "Or" are used interchangeably herein, operating both as conjunctive and disjunctive conjunctions. The singular and plural forms of nouns and pronouns are likewise used interchangeably herein.

6.  Duty to Supplement. The obligations created by the subpoena are ongoing, and your production should be supplemented if you locate additional responsive documents in your possession.

7.  Materials responsive to this subpoena shall be produced to the Commission as they are kept in the usual course of business or shall be labeled to correspond with the categories of this subpoena.

8.      Scope.  Unless otherwise specified, the scope of this subpoena includes all documents concerning the period from October 1, 2010 to the present.

9.      Non-Production.  If any documents responsive to any of the paragraphs of this Attachment will not be produced for any reason, please set forth the following information concerning each document:

(a)     the type of document;

(b)     the date of the document;

(c)     the person who prepared or wrote the document;

(d)     a description of the document's subject matter and physical size;

(e)     all addresses of recipient(s) of the original or copy thereof, together with the date or approximate date that said recipient received said document;

(f)     all other persons to whom the contents of the document have been disclosed, the date of such disclosure, and the means of such disclosure; and

(g)     the nature of the privilege or the rule of law relied upon, or other reason for non-production.

## Documents to be Produced

1.   All documents concerning your position as a principal of S.J. Woods, including, but not limited to, all employment contracts, job descriptions, and payroll and commission records.

2.   All documents concerning the solicitation of new customers for S.J. Woods, including, but not limited to, information regarding leads and the sources thereof, telephone sales scripts, and notes of conversations with prospective customers.

3.   All promotional materials you developed for S.J. Woods, including but not limited to, all brochures, reports, letters, memoranda, emails, websites, advertisements or other literature, and including all drafts of such promotional materials.

4.   All documents concerning your communications with customers or prospective customers of S.J. Woods, including, but not limited to, emails, letters, account documents, notes of telephone conversations, and any materials you received from customers or prospective customers of S.J. Woods.

5.   All documents concerning any salaries, commissions, bonuses, or other payments that you received from S.J. Woods.

6.   Documents identifying all bank accounts you have owned or controlled, including the name of the bank(s), account numbers, name(s) of account holders and name(s) of authorized signatories.

7.   Statements for all bank accounts that you have owned or controlled.

8.   Billing statements for all of your telephone lines and mobile phones.



**U.S. COMMODITY FUTURES TRADING COMMISSION**
525 West Monroe Street
Suite 1100
Chicago, Illinois 60661
Telephone: (312) 596-0700
Facsimile: (312) 596-0714

Division of
Enforcement

# SUBPOENA
### Duces Tecum

TO:    Peter M. Blanco, Jr.
329 Woodland Dr.
Brightwaters, NY 11718

**YOU ARE HEREBY COMMANDED** to produce to the Commodity Futures Trading Commission ("Commission") all books, papers, documents, and other tangible things specified in the attached **Schedule A** at or before noon on the **14th of January, 2013**. Those materials are to be provided to Boaz Green, Trial Attorney, Division of Enforcement, 1155 21st St. NW, Washington, DC 20581, in the matter of:

<u>**Certain Persons Engaged In Unlawful Retail Commodity Transactions**</u>

**FAILURE TO COMPLY WITH THIS SUBPOENA MAY RESULT IN THE COMMENCEMENT OF A LEGAL ACTION IN THE UNITED STATES DISTRICT COURT TO COMPEL COMPLIANCE WITH THE REQUIREMENTS HEREOF.**

Issued this 3rd day of December, 2012 at Washington, DC by:

Boaz Green
Trial Attorney
Tel: 202-418-6623

NOTICE TO WITNESS:
Fees and mileage need not be tendered to the witness upon service of a subpoena issued in behalf of an officer or employee of the Commission.  28 U.S.C. § 1825.

## RETURN ON SERVICE

In the case of a natural person:

[ ] handing it to the person named herein.

_____

[ ] leaving it at the person's office with the person in charge,
namely:_____

[ ] leaving it at the person's office in a conspicuous place,
to wit:_____

[ ] leaving it at the person's usual place of abode, namely:

[X] mailing by certified or registered mail to the following address:

Peter M. Blanco, Jr.
329 Woodland Dr.
Brightwaters, NY 11718

[ ] another method by which actual notice is given, to wit:

In the case of service upon other than a natural person:

[ ] handing it to a registered agent for service or other officer,
director or agent in charge of such office, namely
(name & title):_____

[ ] via CERTIFIED MAIL RETURN RECEIPT REQUEST to such agent or
representative, namely (name, title & address):

[ ] another method by which actual notice is given, to wit:

_____
_____

_I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct and that I served this
subpoena in accordance with the method noted above._

__1/3/12__
_Date_

__Boaz Green__
_Trial Attorney_

2

## SCHEDULE A

### Definitions and Instructions

1.      "You" and "Your" means Peter M. Blanco, Jr.

2.      S.J. Woods" means S.J. Woods, Inc..

3.      "Concerning" means referring to, describing, evidencing or constituting.

4.      "Document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). Accordingly, a document, for purposes of this subpoena, is any writing, drawing, graph, chart, photograph, phonographic record, audiotape, videotape, computer disk, or any other data compilation from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form. "Document" mean all writings or printed matter of any kind, including the originals and all copies, identical or non-identical, whether different from the originals by reason of any notation made on such copies or otherwise, including, without limitation:  records, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office or intra-office communications, telephone message slips, offers, notations of conversations, bulletins, drawings, plans, computer printouts, computer input or output, teletypes, telefaxes, invoices, worksheets, ledger books, books of account, emails, instant messaging transcripts, and all drafts, alterations, modifications, changes and amendments of any of the foregoing. "Document" also includes all graphic or aural records or representations of any kind, including without limitation, photographs, charts, graphs, microfilm, videotape, recordings, motion pictures, and electronic, mechanical, or electrical records, or recordations of any kind, including, without limitation, tapes, cassettes, discs, and recordings. "Document" also refers to each and every document in Your actual or constructive possession, including but not limited to: (i) all documents within Your custody or control or any present or former officer, director, employee, partner, corporate parent, subsidiary, or affiliate thereof; and (ii) all documents that You have a legal or equitable right to obtain from another person. A draft or non-identical copy is a separate document within the meaning of this term.

5.      "And" and "Or" are used interchangeably herein, operating both as conjunctive and disjunctive conjunctions. The singular and plural forms of nouns and pronouns are likewise used interchangeably herein.

6.      Duty to Supplement. The obligations created by the subpoena are ongoing, and your production should be supplemented if you locate additional responsive documents in your possession.

7.      Materials responsive to this subpoena shall be produced to the Commission as they are kept in the usual course of business or shall be labeled to correspond with the categories of this subpoena.

3

8.      Scope.  Unless otherwise specified, the scope of this subpoena includes all documents concerning the period from October 1, 2010 to the present.

9.      Non-Production.  If any documents responsive to any of the paragraphs of this Attachment will not be produced for any reason, please set forth the following information concerning each document:

(a)     the type of document;

(b)     the date of the document;

(c)     the person who prepared or wrote the document;

(d)     a description of the document's subject matter and physical size;

(e)     all addresses of recipient(s) of the original or copy thereof, together with the date or approximate date that said recipient received said document;

(f)     all other persons to whom the contents of the document have been disclosed, the date of such disclosure, and the means of such disclosure; and

(g)     the nature of the privilege or the rule of law relied upon, or other reason for non-production.

### Documents to be Produced

1.   All documents concerning your position as a principal of S.J. Woods, including, but not limited to, all employment contracts, job descriptions, and payroll and commission records.

2.   All documents concerning the solicitation of new customers for S.J. Woods, including, but not limited to, information regarding leads and the sources thereof, telephone sales scripts, and notes of conversations with prospective customers.

3.   All promotional materials you developed for S.J. Woods, including but not limited to, all brochures, reports, letters, memoranda, emails, websites, advertisements or other literature, and including all drafts of such promotional materials.

4.   All documents concerning your communications with customers or prospective customers of S.J. Woods, including, but not limited to, emails, letters, account documents, notes of telephone conversations, and any materials you received from customers or prospective customers of S.J. Woods.

5.   All documents concerning any salaries, commissions, bonuses, or other payments that you received from S.J. Woods.

6.   Documents identifying all bank accounts you have owned or controlled, including the name of the bank(s), account numbers, name(s) of account holders and name(s) of authorized signatories.

7.   Statements for all bank accounts that you have owned or controlled.

8.   Billing statements for all of your telephone lines and mobile phones.

5

**UPS Next Day Air**
**UPS Worldwide Express**

**Shipping Document**

See Instructions on back. Visit UPS.com® or call 1-800-PICK-UPS® (800-742-5877) for additional information and UPS Tariff/Terms and Conditions.

**TRACKING NUMBER** 1Z A47 96A 22 1006 9687

**SHIPMENT FROM**

Shipper's UPS Account No.: **A4796A**

REFERENCE NUMBER: 202-418-6813

NAME: Bob Green

TELEPHONE: 202-418-5172

COMPANY: **CFTC**

STREET ADDRESS: **1155 21ST ST NW FLR 1**

CITY AND STATE: **WASHINGTON**  ZIP CODE: **DC 20581-0001**

**EXTREMELY URGENT DELIVERY TO:**

NAME: S.J. Woods, Inc.

TELEPHONE:

COMPANY: c/o United States Corporation Agents, Inc.

STREET ADDRESS: 7014 13th St, Suite 202  DEPT./FLR.  Residential Delivery

CITY AND STATE (INCLUDE COUNTRY IF INTERNATIONAL): Brooklyn, NY  ZIP CODE: 11228

---

**3 WEIGHT** ☒ LTR  PAK  WEIGHT  DIMENSIONAL WEIGHT If Applicable  LARGE PACKAGE  **4 SHIPPER RELEASE**

**5 TYPE OF SERVICE**
☒ NEXT DAY AIR  EXPRESS (INT'L)
FOR INTERNATIONAL SHIPMENTS  DOCUMENTS ONLY
Customs Value $

**6 OPTIONAL SERVICES**
SATURDAY PICKUP  SATURDAY DELIVERY $
DECLARED VALUE FOR CARRIAGE  For declared value over $100, see instructions.  AMOUNT $
C.O.D. If C.O.D., enter amount to be collected and attach completed UPS C.O.D. tag to package.  AMOUNT $

**7 ADDITIONAL HANDLING CHARGE**  An Additional Handling Charge applies for certain items. See Instructions. $

**TOTAL CHARGES** $

**8 METHOD OF PAYMENT**
Bill Shipper's Account Number  Bill Receiver  Bill Third Party  Credit Card  American Express Diner's Club MasterCard Visa  CHECK
☐ If Section 1  Record Account No. In Section 9

**9** RECEIVER'S/THIRD PARTY'S UPS ACCT. NO. OR MAJOR CREDIT CARD NO.  EXPIRATION DATE / /

THIRD PARTY'S COMPANY NAME

STREET ADDRESS

CITY AND STATE  ZIP CODE

**10 SHIPPER'S SIGNATURE** X

All shipments are subject to the terms contained in the UPS Tariff/Terms and Condition of Service, which are available at ups.com and local UPS offices.

DATE OF SHIPMENT: 12/31/12

0101911202609 1/10 S

**SHIPPER'S COPY**

UPS: Tracking Information

 **Proof of Delivery**

Close Window

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

| | |
|---|---|
| **Tracking Number:** | 1ZA4796A2210069887 |
| **Service:** | UPS NEXT DAY AIR |
| **Delivered On:** | 12/05/2012 9:53 A.M. |
| **Delivered To:** | BROOKLYN, NY, US |
| **Signed By:** | RODRIGUEZ |
| **Left At:** | Office |

Thank you for giving us this opportunity to serve you.

Sincerely,

UPS

Tracking results provided by UPS:  04/10/2013 3:26 P.M.  ET

Print This Page                                         Close Window

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *Return Receipt Requested* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

3. Article Addressed to:

Paul Proscia
no Lovell Rd
Sayville, NY   11782

4a. Article Number
7012 1640 0002 4860 7033

4b. Service Type
- ☐ Registered          ☑ Certified
- ☐ Express Mail        ☐ Insured
- ☐ Return Receipt for Merchandise   ☐ COD

7. Date of Delivery   12-5-12

8. Addressee's Address (Only if requested and fee is paid)

5. Received By: (Print Name)

6. Signature (Addressee or Agent)
D PROSCIA

PS Form 3811, December 1994          102595-99-B-0223          Domestic Return Receipt

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return receipt Service.

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Print your name, address, and ZIP Code in this box •

BDAL GREEN
CFTC
1155 21st St. NW
Washington DC 20581

DIVISION OF ENFORCEMENT

2012 DEC 11 PM 12: 32

RECEIVED
CFTC

**SENDER:**
□ Complete items 1 and/or 2 for additional services.
□ Complete items 3, 4a, and 4b.
□ Print your name and address on the reverse of this form so that we can return this card to you.
□ Attach this form to the front of the mailpiece, or on the back if space does not permit.
□ Write *Return Receipt Requested* on the mailpiece below the article number.
□ The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. □ Addressee's Address
2. □ Restricted Delivery

3. Article Addressed to:

Peter M. Blanco Jr.
319 Woodland Dr.
Brightwaters, NY 11718

4a. Article Number
7012 1640 0002 4860 7026

4b. Service Type
□ Registered            ☒ Certified
□ Express Mail          □ Insured
□ Return Receipt for Merchandise   □ COD

7. Date of Delivery
12/7/12

5. Received By: (Print Name)
Peter Blanco

6. Signature (Addressee or Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1994          102595-99-B-0223     Domestic Return Receipt

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Print your name, address, and ZIP Code in this box •

BOAZ GREEN
CFTC
1155 21st NW
Washington, DC 20581

DIVISION OF ENFORCEMENT

2012 DEC 13   PM 5: 09

RECEIVED
CFTC

## Green, Boaz

| | |
|---|---|
| From: | Audra Vernon <av@jbgpa.com> |
| Sent: | Friday, January 11, 2013 2:26 PM |
| To: | Green, Boaz |
| Cc: | J.B. Grossman |
| Subject: | CFTC Subpoena to SJ Woods, Paul Proscia and Peter Blanco |

Dear Mr. Green:

This is to confirm our conversation earlier in which a request was made for an extension of time until January 22, 2013,  on behalf of our client  SJ Woods, to respond to the CFTC's Subpoena to S.J. Woods, Inc., Paul Proscia and Peter Blanco.  Thank you for agreeing to the extension.


Regards,

## *Audra Vernon*
Paralegal

## J.B. GROSSMAN |  | P.A. |  |

200 East Las Olas Boulevard
Suite 1660
Fort Lauderdale, FL 33301
954–452–1118 Telephone
954–916–4448 Facsimile
av@JBGPA.com
www.JBGrossmanpa.com


Please consider the environment before printing this email.

**PRIVILEGED AND CONFIDENTIAL:** E-MAIL IS NOT A SECURE MODE OF COMMUNICATION AND MAY BE ACCESSED BY UNAUTHORIZED PERSONS. THIS COMMUNICATION ORIGINATES FROM THE LAW FIRM OF **J.B. GROSSMAN, P.A.** AND IS PROTECTED UNDER THE ELECTRONIC COMMUNICATION PRIVACY ACT, 18 U.S.C. §§2510-2521. THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PROPRIETARY, PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAWS. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT YOU ARE HEREBY NOTIFIED THAT ANY USE, PRINTING, REPRODUCTION, DISCLOSURE OR DISSEMINATION OF THIS COMMUNICATION MAY BE SUBJECT TO LEGAL RESTRICTION OR SANCTION.

## Green, Boaz

| | |
|---|---|
| **From:** | Audra Vernon <av@jbgpa.com> |
| **Sent:** | Wednesday, January 23, 2013 12:50 PM |
| **To:** | Green, Boaz |
| **Cc:** | J.B. Grossman |
| **Subject:** | RE: CFTC Subpoena to SJ Woods, Paul Proscia and Peter Blanco |
| **Attachments:** | FedEx Shipment 794566182850 Delivered.pdf |

Dear Mr. Green:

Attached please find the email confirmation sent to me yesterday from FedEx.  It was sent by mistake to your Chicago office.


Kind regards,

### *Audra Vernon*
**Paralegal**

## J.B. GROSSMAN |  | P.A. |  |

200 East Las Olas Boulevard
Suite 1660
Fort Lauderdale, FL 33301
954-452-1118 Telephone
954-916-4448 Facsimile
av@JBGrossmanPA.com


Please consider the environment before printing this email.

**PRIVILEGED AND CONFIDENTIAL: E-MAIL IS NOT A SECURE MODE OF COMMUNICATION AND MAY BE ACCESSED BY UNAUTHORIZED PERSONS. THIS COMMUNICATION ORIGINATES FROM THE LAW FIRM OF J.B. GROSSMAN, P.A. AND IS PROTECTED UNDER THE ELECTRONIC COMMUNICATION PRIVACY ACT, 18 U.S.C. §§2510-2521. THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PROPRIETARY, PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAWS. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, PRINTING, REPRODUCTION, DISCLOSURE OR DISSEMINATION OF THIS COMMUNICATION MAY BE SUBJECT TO LEGAL RESTRICTION OR SANCTION.**

**From:** Green, Boaz [mailto:BGreen@CFTC.gov]
**Sent:** Wednesday, January 23, 2013 9:53 AM
**To:** Audra Vernon
**Cc:** J.B. Grossman
**Subject:** RE: CFTC Subpoena to SJ Woods, Paul Proscia and Peter Blanco

Ms. Vernon,

Your clients' response to the subpoena was due yesterday. I have not received their response, nor have I received any additional requests for extension of the due date. If you sent the response, please provide a tracking number. If you did not, please provide an explanation for the delay and a date certain by which I can expect to *receive* the response.

Thank you,

Boaz Green

---

**From:** Audra Vernon [mailto:av@jbgpa.com]
**Sent:** Friday, January 11, 2013 2:26 PM
**To:** Green, Boaz
**Cc:** J.B. Grossman
**Subject:** CFTC Subpoena to SJ Woods, Paul Proscia and Peter Blanco

Dear Mr. Green:

This is to confirm our conversation earlier in which a request was made for an extension of time until January 22, 2013, on behalf of our client SJ Woods, to respond to the CFTC's Subpoena to S.J. Woods, Inc., Paul Proscia and Peter Blanco. Thank you for agreeing to the extension.


Regards,

*Audra Vernon*
Paralegal

## J.B. GROSSMAN |  | P.A. |  |

200 East Las Olas Boulevard
Suite 1660
Fort Lauderdale, FL 33301
954–452–1118 Telephone
954–916–4448 Facsimile
av@JBGPA.com
www.JBGrossmanpa.com


Please consider the environment before printing this email.

PRIVILEGED AND CONFIDENTIAL: E-MAIL IS NOT A SECURE MODE OF COMMUNICATION AND MAY BE ACCESSED BY UNAUTHORIZED PERSONS. THIS COMMUNICATION ORIGINATES FROM THE LAW FIRM OF J.B. GROSSMAN, P.A. AND IS PROTECTED UNDER THE ELECTRONIC COMMUNICATION PRIVACY ACT, 18 U.S.C. §§2510-2521. THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PROPRIETARY, PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAWS. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT YOU ARE HEREBY NOTIFIED THAT ANY USE, PRINTING, REPRODUCTION, DISCLOSURE OR DISSEMINATION OF THIS COMMUNICATION MAY BE SUBJECT TO LEGAL RESTRICTION OR SANCTION.

| From: | trackingupdates@fedex.com |
|---|---|
| To: | Audra Vernon |
| Subject: | FedEx Shipment 794566182850 Delivered |
| Date: | Tuesday, January 22, 2013 10:35:23 AM |

This tracking update has been requested by:

| Company Name: | J.B. Grossman, P.A. |
|---|---|
| Name: | J.B. Grossman, P.A. |
| E-mail: | jbg@jbgrossmanpa.com |
| Message: | Response from SJ Woods, Inc. to the CFTC's Subpoena |

Our records indicate that the following shipment has been delivered:

| Reference: | Response from SJ Woods |
|---|---|
| Ship (P/U) date: | Jan 21, 2013 |
| Delivery date: | Jan 22, 2013 9:27 AM |
| Sign for by: | P.RAMOS |
| Delivery location: | CHICAGO, IL |
| Delivered to: | Receptionist/Front Desk |
| Service type: | FedEx Standard Overnight |
| Packaging type: | FedEx Pak |
| Number of pieces: | 1 |
| Weight: | 1.00 lb. |
| Special handling/Services: | Deliver Weekday |
| Tracking number: | 794566182850 |

| Shipper Information | Recipient Information |
|---|---|
| J Grossman | Boaz Green |
| J.B. Grossman, P.A. | Commodity Futures Trading Commissio |
| 200 East Las Olas Boulevard | 525 W MONROE ST STE 1100 |
| Suite 1660 | CHICAGO |
| Fort Lauderdale | IL |
| FL | US |
| US | 60661 |
| 33301 | |

Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 9:35 AM CST on 01/22/2013.

To learn more about FedEx Express, please visit our website at fedex.com.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number above, or visit us at fedex.com.

This tracking update has been sent to you by FedEx on the behalf of the Requestor noted above. FedEx does not validate the authenticity of the requestor and does not validate, guarantee or warrant the authenticity of the request, the requestor's message, or the accuracy of this tracking update. For tracking results and fedex.com's terms of use, go to fedex.com.

Thank you for your business.

# J.B. GROSSMAN ||P.A.||

Attorneys At Law

Audra Vernon
Paralegal

200 East Las Olas Boulevard
Suite 1660
Fort Lauderdale, FL 33301
TEL. 954.452.1118
Fax: 954.916.4448
AV@JBGPA.com
www.JBGrossmanPA.com

VIA FEDERAL EXPRESS

Monday, January 21, 2013

Boaz Green
U.S. Commodity Futures Trading commission
Division of Enforcement
525 West Monroe Street, Suite 1100
Chicago, Il 60661

Re:   ***Certain Persons Engaged In Unlawful Retail Commodity Transactions
December 3, 2012 – Subpoena to S.J. Woods, Inc.***

Dear Mr. Green:

Enclosed please find response pursuant to your December 3, 2013 request regarding the above referenced Subpoena. Additional production to follow.

The undersigned is a paralegal legal with the law firm counsel to your deponent S.J. Woods, Inc., for the purposes of the above referenced matter. This letter/request is in regards to the protection of personal information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2011). Pursuant to the Commodity Future Trading Commission's ("CFTC") Rule 17 C.F.R. § 145.9, and promulgated in accordance to the FOIA, your deponent requests that all information provided to the CFTC's Division of Enforcement be maintained as not public for an indefinite time going into the future, for each of the three reasons stated in 17 C.F.R. §§ 145.9(d)(1)(i), (d)(1)(iii), and (d)(1)(v). Furthermore, we ask that you provide a copy of this letter/request to the CFTC's Chief Trial Attorney for the above referenced matter.

Item 1:

All documents related to your formation and organization, including, but not limited to, your articles of incorporation (organization) and any amendments thereto, annual reports, minutes of board meetings, organizational charts, personnel charts, and other documents reflecting your structure, organization and control.

Response:      Enclosed corporate documents, Bates numbering SJW 001 through 021.

Item 2:

All documents concerning your solicitation of new customers to purchase precious metals, including, but not limited to, documents reflecting information regarding leads, sources of leads, qualifications of customers, telephone sales scripts, and notes of conversations with prospective customers.

Response:      See enclosed Leads Unlimited Invoices, Bates numbering SJW 022 through 029. See also response to Item 3, below.

Item 3:

All promotional materials, including but not limited to, all brochures, reports, letters, memoranda, emails, websites, advertisements or other literature, and including all drafts of such promotional materials.

Response:      See enclosed promotional material Bates numbering SJW 030 through 051.1.

Item 5:

Documents identifying all of your customers, including names, addresses, telephone numbers and email addresses.

Response:      See Customer List Bates numbering SJW 052 through 065. See also response to Item 6, below.

J.B. GROSSMAN ||P.A.||

200 East Las Olas Boulevard · Suite 1660 · Fort Lauderdale · FL · 33301 · Tel 954.452.1118

Item 6:

All documents concerning your communications with customers or prospective customers, including but not limited to, emails, letters, account documents, notes of telephone conversations, and any materials you received from customers or prospective customers.

Response:   See enclosed customer account documents including Trade Confirms, Delivery Notice, Commodity Transfer Notice and account opening documents, Bates numbering SJW 637 through 3084 and SJW 3209 through 5444.

Item 7:

All documents concerning commissions and fees paid by your customers, including but not limited to all customer statements reflecting commissions and fees.

Response:   See enclosed Flash Reports, Bates numbering SJW 066 through 588.  See also response to Item 6.

Item 8:

All Form 1099s you have sent to customers.

Response:   See enclosed 1099s Bates numbering SJW 589 through 636.

Item 9:

All documents concerning any financing obtained on behalf of your customers for the purchase of precious metals, including but not limited to, all communications with any entity that has provided such financing and all documents concerning interest charged on loans to your customers.

Response:   See response to Item number 7.

J.B. GROSSMAN ||P.A.||

200 East Las Olas Boulevard · Suite 1660 · Fort Lauderdale · FL · 33301 · Tel 954.452.1118

Item 10:

All documents that refer or relate to ownership, possession, title, and physical location of precious metals you have purchased or sold on behalf of a customer during the period July 16, 2011 to the present.

Response:      See Response to Item 6.

Item 11:

All documents that refer or relate to the nature of the relationship between the buyer, seller and/or possessor of any precious metals you have purchased or sold on behalf of a customer during the period July 16, 2011 to the present.

Response:      See Response to Item 6.

Item 12:

All documents that refer or relate to the manner in which the purchase or sale of the precious metals is recorded and completed during the period July 16, 2011 to the present.

Response:      See enclosed Buy & Sell Info, Bates numbering SJW 3085 through 3163.  See also all other produced account statements.

Item 13:

All documents concerning the storage of precious metals purchased for or on behalf of your customers, including but not limited to all accounts, contracts or other agreements you have with any precious metals depository, all documents concerning the amount of precious metals being stored with any precious metals depository, and all documents concerning storage fees charged to you or your customers by any precious metals depository.

Response:      See Response to Item 6.

J.B. GROSSMAN ||P.A.||

200 East Las Olas Boulevard · Suite 1660 · Fort Lauderdale · FL · 33301 · Tel 954.452.1118

Item 14:

All documents concerning any precious metals clearinghouse or supplier with whom you have done business, including but not limited to, all contracts or other agreements that you have with any precious metals clearing or supplier, all communications between you and any precious metals clearinghouse or supplier, and all documents reflecting the payments of money to or from any precious metals clearinghouse or supplier.

Response:     Objection to the word "clearinghouse".

Item 15:

All documents you have received from any precious metals clearinghouse or supplier, including but not limited to, manuals, guidebooks, telephone sales scripts, and all equity runs, account statements, or other communications relating to the status or value of customer's precious metals account.

Response:     Objection to the word "clearinghouse".   Without waiving said objections Daily Summary to be provided.

Item 16:

All documents concerning any salaries, commissions, bonuses, or other payments you have made to any principal, employee or contractor.

Response:     Objection as overly broad, without waiving said objections see enclosed Employee List, Bates numbering SJW 3164 through 3165.

J.B. GROSSMAN ||P.A.||

200 East Las Olas Boulevard · Suite 1660 · Fort Lauderdale · FL · 33301 · Tel 954.452.1118

Item 17:

All documents concerning any complaints you have received from customers or prospective customers, including but not limited to, all settlement agreements and all pleadings from all lawsuits filed against you.

Response:       To be provided if any.

Item 18:

Documents identifying all bank accounts that you have owned or controlled, including the name of the bank(s), account numbers, name(s) of account holders and name(s) of authorized signatories.

Response:       See Response to Item 19.

Item 19:

Statements for all bank accounts that you have owned or control.

Response:       Statements to be produced.

Item 20:

All audio recordings of conversations with customers or prospective customers.

Response:       No responsive documents.

J.B. GROSSMAN ||P.A.||

200 East Las Olas Boulevard · Suite 1660 · Fort Lauderdale · FL · 33301 · Tel 954.452.1118

Item 21:

Billing statements for all telephone lines and mobile phones you have used to conduct business.

Response:      See enclosed Verizon statements, Bates numbering SJW 3166 through 3184.

Item 22:

All company policies, including company policies regarding sales solicitations, supervision of salespersons, order entry procedures, hiring and firing, and any other company policies that address interactions with customers, or employee obligations and responsibilities.

Response:      See enclosed Compliance Manual, Bates numbering SJW 3185 through 3208.

If you have any questions please feel free to contact me.

Sincerely,

Audra Vernon

Encl.

J.B. GROSSMAN ||P.A.||

200 East Las Olas Boulevard · Suite 1660 · Fort Lauderdale · FL · 33301 · Tel 954.452.1118

# J.B. GROSSMAN | |P.A.| |

Attorneys At Law

Audra Vernon
Paralegal

200 East Las Olas Boulevard
Suite 1660
Fort Lauderdale, FL 33301
TEL. 954.452.1118
Fax: 954.916.4448
AV@JBGPA.com
www.JBGrossmanPA.com

VIA FEDERAL EXPRESS

Monday, January 21, 2013

Boaz Green
U.S. Commodity Futures Trading commission
Division of Enforcement
525 West Monroe Street, Suite 1100
Chicago, Il 60661

Re:   ***Certain Persons Engaged In Unlawful Retail Commodity Transactions***
       ***December 3, 2012 – Subpoena to Paul Proscia***

Dear Mr. Green:

Enclosed please find response pursuant to your December 3, 2013 request regarding the above referenced Subpoena. Follow-up response to be provided.

The undersigned is a paralegal legal with the law firm counsel to your deponent Paul Proscia for the purposes of the above referenced matter. This letter/request is in regards to the protection of personal information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2011). Pursuant to the Commodity Future Trading Commission's ("CFTC") Rule 17 C.F.R. § 145.9, and promulgated in accordance to the FOIA, your deponent requests that all information provided to the CFTC's Division of Enforcement be maintained as not public for an indefinite time going into the future, for each of the three reasons stated in 17 C.F.R. §§ 145.9(d)(1)(i), (d)(1)(iii), and (d)(1)(v). Furthermore, we ask that you provide a copy of this letter/request to the CFTC's Chief Trial Attorney for the above referenced matter.

Item 1:

All documents concerning your position as a principal of S.J. Woods, including, but not limited to, all employment contracts, job descriptions, and payroll and commission records.

Response:   See response to Item 1 of the response by S.J. Woods, Inc., production.

Item 2:

All documents concerning the solicitation of new customers for S.J. Woods, including, but not limited to, information regarding leads and the sources thereof, telephone sales scripts, and notes of conversations with prospective customers.

Response:     See response to Item 2 of the S.J. Woods, Inc. production.

Item 3:

All promotional materials you developed for S.J. Woods, including but not limited to, all brochures, reports, letters, memoranda, emails, websites, advertisements or other literature, and including all drafts of such promotional materials.

Response:     No responsive documents.

Item 4:

All documents concerning your communications with customers or prospective customers of S.J. Woods, including but not limited to, emails, letters, account documents, notes of telephone conversations, and any materials you received from customers or prospective customers of S.J. Woods.

Response:     To be produced.

Item 5:

All documents concerning any salaries, commissions, bonuses, or other payments that you received from S.J. Woods.

Response:     See response to Item 16 of the S.J. Woods, Inc., production.

J.B. GROSSMAN ‖P.A.‖

200 East Las Olas Boulevard · Suite 1660 · Fort Lauderdale · FL · 33301 · Tel 954.452.1118

Item 6:

Documents identifying all bank accounts you have owned or controlled, including the name of the bank(s), account numbers, name(s) of account holders and name(s) of authorized signatories.

Response:      See response to Item 7, below.

Item 7:

Statements for all bank accounts that you have owned or controlled.

Response:      See enclosed bank account information, bates numbering PP 001 through 072.

Item 8:

Billing statements for all of your telephone lines and mobile phones.

Response:      See enclosed telephone billing statements, Bates numbering PP 073 through 553.

If you have any questions please feel free to contact me.

Sincerely,

Audra Vernon

Encl.

J.B. GROSSMAN ||P.A.||

200 East Las Olas Boulevard · Suite 1660 · Fort Lauderdale · FL · 33301 · Tel 954.452.1118

# J.B. GROSSMAN ||P.A.||

Attorneys At Law

Audra Vernon
Paralegal

200 East Las Olas Boulevard
Suite 1660
Fort Lauderdale, FL 33301
TEL. 954.452.1118
Fax: 954.916.4448
AV@JBGPA.com
www.JBGrossmanPA.com

VIA FEDERAL EXPRESS

Monday, January 21, 2013

Boaz Green
U.S. Commodity Futures Trading commission
Division of Enforcement
525 West Monroe Street, Suite 1100
Chicago, Il 60661

Re:    ***Certain Persons Engaged In Unlawful Retail Commodity Transactions***
       ***December 3, 2012 – Subpoena to Peter Blanco***

Dear Mr. Green:

Enclosed please find response pursuant to your December 3, 2013 request regarding the above referenced Subpoena. Follow-up response to be provided.

The undersigned is a paralegal legal with the law firm counsel to your deponent Peter Blanco for the purposes of the above referenced matter. This letter/request is in regards to the protection of personal information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2011). Pursuant to the Commodity Future Trading Commission's ("CFTC") Rule 17 C.F.R. § 145.9, and promulgated in accordance to the FOIA, your deponent requests that all information provided to the CFTC's Division of Enforcement be maintained as not public for an indefinite time going into the future, for each of the three reasons stated in 17 C.F.R. §§ 145.9(d)(1)(i), (d)(1)(iii), and (d)(1)(v). Furthermore, we ask that you provide a copy of this letter/request to the CFTC's Chief Trial Attorney for the above referenced matter.

Item 1:

All documents concerning your position as a principal of S.J. Woods, including, but not limited to, all employment contracts, job descriptions, and payroll and commission records.

Response:    See response to Item 1 of the response by S.J. Woods, Inc., production.

Item 2:

All documents concerning the solicitation of new customers for S.J. Woods, including, but not limited to, information regarding leads and the sources thereof, telephone sales scripts, and notes of conversations with prospective customers.

Response:     See response to Item 2 of the S.J. Woods, Inc. production.

Item 3:

All promotional materials you developed for S.J. Woods, including but not limited to, all brochures, reports, letters, memoranda, emails, websites, advertisements or other literature, and including all drafts of such promotional materials.

Response:     No responsive documents.

Item 4:

All documents concerning your communications with customers or prospective customers of S.J. Woods, including but not limited to, emails, letters, account documents, notes of telephone conversations, and any materials you received from customers or prospective customers of S.J. Woods.

Response:     To be produced.

Item 5:

All documents concerning any salaries, commissions, bonuses, or other payments that you received from S.J. Woods.

Response:     See response to Item 16 of the S.J. Woods, Inc., production.

J.B. GROSSMAN ||P.A.||

200 East Las Olas Boulevard · Suite 1660 · Fort Lauderdale · FL · 33301 · Tel 954.452.1118

Item 6:

Documents identifying all bank accounts you have owned or controlled, including the name of the bank(s), account numbers, name(s) of account holders and name(s) of authorized signatories.

Response:     See response to Item 7, below.

Item 7:

Statements for all bank accounts that you have owned or controlled.

Response:     See enclosed bank account information, bates numbering PB 001 through 319.

Item 8:

Billing statements for all of your telephone lines and mobile phones.

Response:     See enclosed telephone billing statements, Bates numbering PB 320 through 730.

If you have any questions please feel free to contact me.

Sincerely,

Audra Vernon

Encl.

J.B. GROSSMAN ||P.A.||
200 East Las Olas Boulevard · Suite 1660 · Fort Lauderdale · FL · 33301 · Tel 954.452.1118



Division
Of
Enforcement

**U.S. COMMODITY FUTURES TRADING COMMISSION**

Three Lafayette Center
Washington, DC 20581
Telephone: (202) 418-6623
www.cftc.gov

January 25, 2013

**VIA EMAIL**
Jay B. Grossman, Esq.
J.B. Grossman, P.A.
200 East Las Olas Boulevard, Suite 1660
Fort Lauderdale, FL 33301

Re: Response to Subpoenas by Paul Proscia, Peter Blanco, and S.J. Woods, Inc.

Dear Mr. Grossman:

I received your clients' responses to the Commodity Futures Trading
Commission's December 3, 2012 *subpoenas duces tecum* (the "subpoenas") on January
24, 2013. Upon my initial review, it is apparent that your clients' responses are
incomplete. Below is a list of incomplete or insufficient response to the subpoenas. This
list is not an indication that responses not addressed in this letter are complete. The
CFTC reserves the right to object to any other responses, or request additional documents
in response to the subpoenas.

**Peter M. Blanco and Paul Proscia Responses:**

Item 1: Mr. Blanco and Mr. Proscia's responses refer to S.J. Woods Inc.'s ("SJW")
response to Item 1. SJW's response to Item 1 included only incorporation and licensing
documents. Mr. Blanco and Mr. Proscia's responses therefore do not fully include all
items requested in Item 1, which include, but are not limited to: employment contracts,
job descriptions, and payroll and commission records. All documents responsive to this
item are to be delivered to my office, in Washington, DC, no later than February 11,
2013.

Item 2: See objections to SJW's response to Item 2 below.

Item 4: Mr. Blanco and Mr. Proscia's responses to Item 4 were "To be produced." On
January 11, 2013, one business day prior to the original due date for responses to the
subpoenas, your paralegal contacted me and requested an extension. I granted an
extension until January 22, 2013. This was the only extension requested or granted.

1

Your firm did not request, nor did I agree to, a rolling production in response to the subpoenas. The response of "To be produced," without any request for an additional extension, or an indication of when these documents will be produced, is inadequate. All documents responsive to this item are to be delivered to my office, in Washington, DC, no later than February 11, 2013.

Item 5: See objections to SJW's response to Item 16 below.

**S.J. Woods, Inc. Responses:**

Item 2: SJW provided only invoices from Leads Unlimited in response to this item. This response does not provide information regarding leads, qualifications of customers, telephone or sales scripts, or notes of conversations with prospective customers. All documents responsive to this item are to be delivered to my office, in Washington, DC, no later than February 11, 2013.

Item 5: Addresses of customers were redacted, without an explanation of the basis for such redactions. Unredacted copies of these documents or adequate justification for making the redactions must be delivered to my office, in Washington, DC, no later than February 11, 2013.

Item 6: SJW provided only account statements, trade confirms, delivery notices and commodity transfer notices in responses to this item, as well as items 7, 9, 10, 11, 12 and 13. SJW has not produced any emails, letters, or notes of telephone conversations with customers or prospective customers. Such documents must be delivered to my office, in Washington, DC, no later than February 11, 2013.

Item 14: In response to Item 14, SJW stated "Objection to the word "clearinghouse."" SJW did not provide an explanation of the nature of the objection. SJW did not raise an objection to the term "or supplier." Notwithstanding any reservation of objections, SJW's indication of its intent to produce "Daily Summary" in response to Item 15 indicates that the meaning of the term "clearinghouse" was well understood. Despite the inadequacy of the objection raised in response to Item 14, SJW did not produce, or express its intent to produce documents in response to this item. In order to prevent any additional delays, the term "clearinghouse" in Item 14 can be read to include Hunter Wise Commodities, LLC, and its subsidiaries and affiliates, Lloyds Commodities, LLC, and its subsidiaries and affiliates, and any company providing SJW services similar to those provided by Hunter Wise Commodities, LLC, and its subsidiaries and affiliates, Lloyds Commodities, LLC, and its subsidiaries and affiliates. SJW's full response to Item 14 must be delivered to my office, in Washington, DC, not later than February 11, 2013.

Item 16: In response to this item, SJW produced a spreadsheet, in PDF and Excel, which appears to list sums of money paid by SJW to principals, employees, or contractors as salaries, commissions, bonuses, or other payments. This response is incomplete. Information in response to this item must include, at the least, an explanation of the

capacity in which an individual was paid (principal, employee, or contractor), an indication whether the payments were salaries, commissions, bonuses, or other payments, and a schedule of when the payments were made, by month and year. This information must be delivered to my office, in Washington, DC, not later than February 11, 2013.

Items 15, 17, 18, and 19: SJW indicated that documents responsive to this item would be produced at some unspecified future date. As stated above, on January 11, 2013, one business day prior to the original due date for responses to the subpoenas, your paralegal contacted me and requested an extension. I granted an extension until January 22, 2013. This was the only extension requested or granted. Your firm did not request, nor did I agree to, a rolling production in response to the subpoenas. Responding that responsive documents will be produced, without any request for an additional extension, or an indication of when these documents will be produced, is inadequate. All documents responsive to this item are to be delivered to my office, in Washington, DC, no later than February 11, 2013.

Please feel free to contact me with any questions regarding this letter.

Sincerely,

Boaz Green
Trial Attorney
Division of Enforcement

Cc: James Holl
    Audra Vernon

3

## Green, Boaz

| | |
|---|---|
| **From:** | Green, Boaz |
| **Sent:** | Tuesday, February 12, 2013 1:57 PM |
| **To:** | J.B. Grossman (jbg@jbgpa.com) |
| **Cc:** | Audra Vernon (av@jbgpa.com); Mucha, Kara; Holl, James |
| **Subject:** | S.J. Woods subpoena |

Mr. Grossman,

As we discussed, I have granted your clients an extension to respond to the subpoenas until Feb. 28, 2013.

Please have the documents sent c/o Kara Mucha in our Washington, DC office.

Best,
Boaz Green



**U.S. COMMODITY FUTURES TRADING COMMISSION**

Three Lafayette Center
Washington, DC 20581
Telephone: (202) 418-6623
www.cftc.gov

Division
Of
Enforcement

March 8, 2013

**VIA EMAIL**
J. B. Grossman, Esq.
J.B. Grossman, P.A.
200 East Las Olas Boulevard, Suite 1660
Fort Lauderdale, FL 33301

Re:   February 27, 2013 Production in Response to Subpoenas by Paul Proscia, Peter Blanco, and S.J. Woods, Inc.

Dear Mr. Grossman:

On December 3, 2013, the Division of Enforcement of the Commodity Futures Trading Commission issued subpoenas to your clients, Paul Proscia, Peter Blanco, and S.J. Woods, Inc., with a return date of January 14, 2013. In response to a last-minute request from your office, we agreed to extend the return date to January 22, 2013.

We received your clients' first production on January 24, 2013. As described in our January 25, 2013 letter to you, your clients' first production was incomplete. In that letter we outlined in detail a number of subpoena items your clients either entirely failed to address, or provided only a partial response to. We set February 11, 2013 as the date by which your clients' complete response was due.

On February 12, 2013, you called our office to explain that your clients had given your office additional documents in response to the subpoenas, and stated that your office would be in a position to produce those documents shortly. As a result of the call, we granted your clients an extension to complete their production by the end of February 2013.

At no point during the February 12, 2013 call did you state that your clients' supplemental production would fail to address all the deficiencies laid out in the January 25, 2013 letter. As your clients had already delivered these documents to your office prior to our call, you should have been in a position to inform us, at that time, that your clients' upcoming production would be incomplete. We were therefore surprised to find that your clients' supplemental production, received by our office on February 28, 2013,

1

with no explanatory cover letter, consisted of nothing more than daily summaries sent to your clients by Hunter Wise.

Please provide us with answers, in writing, to the following questions, no later than Tuesday, March 12, 2013: (1) do your clients intend to fully comply with the subpoenas; (2) what steps have your clients taken to cure the deficiencies in their responses, identified in the January 25, 2013 letter; and (3) when will your clients produce their complete responses to the subpoenas?

Sincerely,

Boaz Green
Trial Attorney
Division of Enforcement

Cc: James Holl

2

## Green, Boaz

| | |
|---|---|
| From: | Green, Boaz |
| Sent: | Wednesday, March 27, 2013 5:04 PM |
| To: | J.B. Grossman (jbg@jbgpa.com) |
| Cc: | Holl, James; Mucha, Kara; Audra Vernon (av@jbgpa.com) |
| Subject: | FW: your clients' Feb. 27, 2013 production in reponse to the CFTC subpoenas |
| Attachments: | Letter re 2.27.13 production |

Importance:            High

Mr. Grossman,

We are still awaiting your written response to the attached letter.

Thank you,
Boaz Green

---

**From:** Green, Boaz
**Sent:** Friday, March 08, 2013 2:52 PM
**To:** J.B. Grossman (jbg@jbgpa.com)
**Cc:** Holl, James; Mucha, Kara
**Subject:** Re: your clients' Feb. 27, 2013 production in reponse to the CFTC subpoenas
**Importance:** High

Dear Mr. Grossman,

Please see the attached letter regarding your clients' Feb. 27, 2013 production.

Thank you,

Boaz Green



Division
Of
Enforcement

**U.S. COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Center
Washington, DC 20581
Telephone: (202) 418-6623
www.cftc.gov

March 8, 2013

**VIA EMAIL**
J. B. Grossman, Esq.
J.B. Grossman, P.A.
200 East Las Olas Boulevard, Suite 1660
Fort Lauderdale, FL 33301

Re:   February 27, 2013 Production in Response to Subpoenas by Paul Proscia, Peter
Blanco, and S.J. Woods, Inc.

Dear Mr. Grossman:

On December 3, 2013, the Division of Enforcement of the Commodity Futures
Trading Commission issued subpoenas to your clients, Paul Proscia, Peter Blanco, and
S.J. Woods, Inc., with a return date of January 14, 2013. In response to a last-minute
request from your office, we agreed to extend the return date to January 22, 2013.

We received your clients' first production on January 24, 2013. As described in
our January 25, 2013 letter to you, your clients' first production was incomplete. In that
letter we outlined in detail a number of subpoena items your clients either entirely failed
to address, or provided only a partial response to. We set February 11, 2013 as the date
by which your clients' complete response was due.

On February 12, 2013, you called our office to explain that your clients had given
your office additional documents in response to the subpoenas, and stated that your office
would be in a position to produce those documents shortly. As a result of the call, we
granted your clients an extension to complete their production by the end of February
2013.

At no point during the February 12, 2013 call did you state that your clients'
supplemental production would fail to address all the deficiencies laid out in the January
25, 2013 letter. As your clients had already delivered these documents to your office
prior to our call, you should have been in a position to inform us, at that time, that your
clients' upcoming production would be incomplete. We were therefore surprised to find
that your clients' supplemental production, received by our office on February 28, 2013,

1

with no explanatory cover letter, consisted of nothing more than daily summaries sent to your clients by Hunter Wise.

Please provide us with answers, in writing, to the following questions, no later than Tuesday, March 12, 2013: (1) do your clients intend to fully comply with the subpoenas; (2) what steps have your clients taken to cure the deficiencies in their responses, identified in the January 25, 2013 letter; and (3) when will your clients produce their complete responses to the subpoenas?

Sincerely,

Boaz Green
Trial Attorney
Division of Enforcement

Cc: James Holl

2

## Green, Boaz

| From: | Green, Boaz |
|---|---|
| Sent: | Wednesday, April 03, 2013 11:23 AM |
| To: | J.B. Grossman (jbg@jbgpa.com) |
| Cc: | Audra Vernon (av@jbgpa.com); Holl, James; Mucha, Kara |
| Subject: | April 3, 2013 call regarding CFTC subpoenas to S.J. Woods, Inc., Peter Blanco, and Paul Proscia |

Mr. Grossman,

Pursuant to our call, I look forward to receiving a timely update regarding when your clients intend to complete their production in compliance with the CFTC subpoenas, and which documents, if any, are no longer reasonably available to them.  As you are aware, Paragraph 9 in the "Definitions and Instructions" portion of the subpoenas lays out what information your clients are required to provide for any responsive documents that will not be produced for any reason.

It goes without saying that your clients are under a continuing obligation to retain, preserve, and safeguard against destruction any documents responsive to the subpoenas.

After repeated delays and incomplete productions, we set the end of February 2013 as the final due date for the completion of the production.  We have not provided any additional extensions.  In all, your clients were given almost three months to respond to the subpoenas.  However, your clients have failed to fully comply with the subpoenas.  You have also failed to respond to our repeated requests for updates and information.  As I noted on our call, the Division of Enforcement reserves the right to seek any and all available remedies, including the institution of a subpoena enforcement action in federal court.

Thank you,
Boaz Green

***Boaz Green***
Trial Attorney
Division of Enforcement
U.S. Commodity Futures Trading Commission
Three Lafayette Center
1155 21st Street, NW
Washington, DC 20581
Tel: (202) 418-6623
Fax: (202) 418-5531
bgreen@cftc.gov

# J.B. GROSSMAN ||P.A.||

Attorneys At Law

Audra Vernon
Paralegal

200 East Las Olas Boulevard
Suite 1660
Fort Lauderdale, FL 33301
TEL. 954.452.1118
Fax: 954.916.4448
AV@JBGPA.com
www.JBGrossmanPA.com

VIA FEDERAL EXPRESS

Wednesday, April 24, 2013

Boaz Green
U.S. Commodity Futures Trading commission
Division of Enforcement
1155 21st Street, N.W.
Washington, D.C. 20581

Re:   ***Certain Persons Engaged In Unlawful Retail Commodity Transactions
December 3, 2012 – Subpoena to Peter Blanco***

Dear Mr. Green:

Enclosed please find response pursuant to your December 3, 2013 request regarding the above referenced Subpoena.

The undersigned is a paralegal legal with the law firm counsel to your deponent Peter Blanco for the purposes of the above referenced matter. This letter/request is in regards to the protection of personal information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2011). Pursuant to the Commodity Future Trading Commission's ("CFTC") Rule 17 C.F.R. § 145.9, and promulgated in accordance to the FOIA, your deponent requests that all information provided to the CFTC's Division of Enforcement be maintained as not public for an indefinite time going into the future, for each of the three reasons stated in 17 C.F.R. §§ 145.9(d)(1)(i), (d)(1)(iii), and (d)(1)(v). Furthermore, we ask that you provide a copy of this letter/request to the CFTC's Chief Trial Attorney for the above referenced matter.

Item 4:

All documents concerning your communications with customers or prospective customers of S.J. Woods, including but not limited to, emails, letters, account documents, notes of telephone conversations, and any materials you received from customers or prospective customers of S.J. Woods.

Response:     Enclosed please find responsive emails, Bates numbering PB 731 through PB 756.

If you have any questions please feel free to contact me.

Sincerely,

Audra Vernon

Encl.

J.B. GROSSMAN ||P.A.||
200 East Las Olas Boulevard · Suite 1660 · Fort Lauderdale · FL · 33301 · Tel 954.452.1118

# J.B. GROSSMAN ||P.A.||

Attorneys At Law

Audra Vernon
Paralegal

200 East Las Olas Boulevard
Suite 1660
Fort Lauderdale, FL 33301
TEL. 954.452.1118
Fax: 954.916.4448
AV@JBGPA.com
www.JBGrossmanPA.com

VIA FEDERAL EXPRESS

Wednesday, April 24, 2013

Boaz Green
U.S. Commodity Futures Trading commission
Division of Enforcement
1155 21st Street, N.W.
Washington, D.C. 20581

Re:   *Certain Persons Engaged In Unlawful Retail Commodity Transactions*
      *December 3, 2012 – Subpoena to Paul Proscia*

Dear Mr. Green:

Enclosed please find response pursuant to your December 3, 2013 request regarding the above referenced Subpoena.

The undersigned is a paralegal legal with the law firm counsel to your deponent Paul Proscia for the purposes of the above referenced matter. This letter/request is in regards to the protection of personal information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2011). Pursuant to the Commodity Future Trading Commission's ("CFTC") Rule 17 C.F.R. § 145.9, and promulgated in accordance to the FOIA, your deponent requests that all information provided to the CFTC's Division of Enforcement be maintained as not public for an indefinite time going into the future, for each of the three reasons stated in 17 C.F.R. §§ 145.9(d)(1)(i), (d)(1)(iii), and (d)(1)(v). Furthermore, we ask that you provide a copy of this letter/request to the CFTC's Chief Trial Attorney for the above referenced matter.

Item 4:

All documents concerning your communications with customers or prospective customers of S.J. Woods, including but not limited to, emails, letters, account documents, notes of telephone conversations, and any materials you received from customers or prospective customers of S.J. Woods.

Response:      Enclosed please find responsive emails, Bates numbering PP 554 through PP 558.

If you have any questions please feel free to contact me.

Sincerely,

Audra Vernon

Encl.

J.B. GROSSMAN ||P.A.||
200 East Las Olas Boulevard · Suite 1660 · Fort Lauderdale · FL · 33301 · Tel 954.452.1118

# J.B. GROSSMAN ||P.A.||

Attorneys At Law

Audra Vernon
Paralegal

200 East Las Olas Boulevard
Suite 1660
Fort Lauderdale, FL 33301
TEL. 954.452.1118
Fax: 954.916.4448
AV@JBGPA.com
www.JBGrossmanPA.com

VIA FEDERAL EXPRESS

Wednesday, April 24, 2013

Boaz Green
U.S. Commodity Futures Trading commission
Division of Enforcement
1155 21st Street, N.W.
Washington, D.C. 20581

Re:   *Certain Persons Engaged In Unlawful Retail Commodity Transactions*
      *December 3, 2012 – Subpoena to S.J. Woods, Inc.*

Dear Mr. Green:

Enclosed please find response pursuant to your December 3, 2013 request regarding the above referenced Subpoena.

The undersigned is a paralegal legal with the law firm counsel to your deponent S.J. Woods, Inc., for the purposes of the above referenced matter. This letter/request is in regards to the protection of personal information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2011). Pursuant to the Commodity Future Trading Commission's ("CFTC") Rule 17 C.F.R. § 145.9, and promulgated in accordance to the FOIA, your deponent requests that all information provided to the CFTC's Division of Enforcement be maintained as not public for an indefinite time going into the future, for each of the three reasons stated in 17 C.F.R. §§ 145.9(d)(1)(i), (d)(1)(iii), and (d)(1)(v). Furthermore, we ask that you provide a copy of this letter/request to the CFTC's Chief Trial Attorney for the above referenced matter.

Item 2:

All documents concerning your solicitation of new customers to purchase precious metals, including, but not limited to, documents reflecting information regarding leads, sources of leads, qualifications of customers, telephone sales scripts, and notes of conversations with prospective customers.

Response:     The previous responsive to Item number 2, dated January 21, 2013, contained all documents provided in response to request number 2.

Item 5:

Documents identifying all of your customers, including names, addresses, telephone numbers and email addresses.

Response:     All filers must redact: Social Security ... home addresses, in compliance with Fed. R. Civ. P. 5.2 or Fed. R. Crim. P. 49.1. Pursuant to the above rule and in anticipation of this investigation becoming a case in the federal courts the personal information was redacted from the previous production. Notwithstanding see enclosed un-redacted Bates numbers SJW 052 through SJW 065.

Item 6:

All documents concerning your communications with customers or prospective customers, including but not limited to, emails, letters, account documents, notes of telephone conversations, and any materials you received from customers or prospective customers.

Response:     Pursuant to the above rule in Response to Item 5 and in anticipation of this investigation becoming a case in the federal courts the personal information was redacted from the previous production. Notwithstanding, see enclosed un-redacted customer account documents, Bates numbering SJW 3209 through 5444.

Item 8:

All Form 1099s you have sent to customers.

Response:     Pursuant to the above rule in Response to Item 5 and in anticipation of this investigation becoming a case in the federal courts the personal information was redacted from the previous production. Notwithstanding, See enclosed un-redacted 1099s, Bates numbering SJW 589 through 636.

Page 2 of 4

Item 14:

All documents concerning any precious metals clearinghouse or supplier with whom you have done business, including but not limited to, all contracts or other agreements that you have with any precious metals clearing or supplier, all communications between you and any precious metals clearinghouse or supplier, and all documents reflecting the payments of money to or from any precious metals clearinghouse or supplier.

Response:    Objection to the word "clearinghouse".   Without waiving said objections, see enclosed agreements Bates numbering SJW 5975 through SJW 5998.

Item 15:

All documents you have received from any precious metals clearinghouse or supplier, including but not limited to, manuals, guidebooks, telephone sales scripts, and all equity runs, account statements, or other communications relating to the status or value of customer's precious metals account.

Response:    Objection to the word "clearinghouse".   Without waiving said objections, the deponent previously provided Daily Summary Bates numbering SJW 5445 through 5974.

Item 16:

All documents concerning any salaries, commissions, bonuses, or other payments you have made to any principal, employee or contractor.

Response:    Objection as overly broad, without waiving said objections see enclosed updated Employee List, Bates numbering SJW 3164 through 3165.

Page 3 of 4

Item 17:

All documents concerning any complaints you have received from customers or prospective customers, including but not limited to, all settlement agreements and all pleadings from all lawsuits filed against you.

Response:     As of December 3, 2012 the deponent had no formal complaints or lawsuits.

If you have any questions please feel free to contact me.

Sincerely,

Audra Vernon

Encl.

Page 4 of 4